QUESTION: May a county, city, or town or any agency thereof exact a fee for parking on the public streets or highways or in any metered parking space from any person who is using a vehicle with a "DV" license plate or internationally accepted wheelchair symbol license plate but who is not himself a disabled veteran?
SUMMARY: A county, city, or town or agency thereof may exact a fee for parking on the public streets or highways or in any metered parking space from any person who is using a vehicle with a "DV" or internationally accepted wheelchair symbol license plate, but who is not himself a disabled veteran. The Legislature may wish to provide parking privileges for handicapped persons who must be chauffeured in the same manner as parking privileges are provided to handicapped drivers. Section 2 of Ch. 74-202, Laws of Florida, created subsections (5) and (6) of s. 320.0842, F.S., to read:320.0842 Free motor vehicle license plates to veterans confined to wheelchairs. — (5) No county, city, town or any agency thereof shall exact any fee for parking on the public streets or highways or in any metered parking space from any person who is issued a designated "DV" license plate or internationally accepted wheelchair symbol license plate, and who is licensed to operate a motor vehicle in this state. (6) No penalty for parking on the streets or highways or in a metered space except in clearly defined bus loading zones or areas posted as "NO PARKING" zones shall be imposed upon any person who is issued a designated "DV" license plate or internationally accepted wheelchair symbol license plate, and who is licensed to operate a motor vehicle in this state. (Emphasis supplied.) From this section, it is apparent that only those persons who are issued "DV" or wheelchair symbol license plates and who are licensed to operate a motor vehicle in this state qualify for the privilege of parking fee exemption. I am aware that Ch. 74-202, Laws of Florida, also created s. 320.0806, F.S., dealing with license plates for handicapped persons and which specifically provides in subsection (4) that "persons not so disabled using a vehicle with an `HP' license plate for their own use shall not have the privilege of this section." While your question deals with s. 2 of Ch. 74-202 concerning "DV" and wheelchair symbol license plates, which section does not have the specific provision found in s. 320.0806, nevertheless, I believe the result is the same for "DV" and wheelchair symbol license plates as with "HP" plates. The privilege afforded by s. 2 of Ch. 74-202 applies only to persons who are "issued" a designated "DV" or wheelchair symbol license plate. Only the disabled veteran himself is issued the "DV" or wheelchair symbol license plate, and therefore only the disabled veteran is exempt from parking fees as provided in subsections (5) and (6) of s. 320.0842, supra. I might point out that this interpretation is consistent with s. 316.163, F.S., which provides for exemption from payment of parking fees for disabled persons and which specifies in subsection (2) that "persons not so disabled using the vehicle of a disabled person . . . for their own use shall not have the privileges of this section." It is apparent that in conferring the specific exemption from parking fees on disabled veterans which has existed for disabled persons, the Legislature must have intended that the exercise of these similar privileges be consistent. You have noted in your question that veterans who are 100 percent disabled by reason of blindness may qualify for a "DV" license plate but would, of course, require someone else to drive for them. In this instance the exemption from parking fees would not apply since the driven would not be the person to whom the "DV" license plate is "issued," nor could the blind veteran to whom the plate is issued qualify as a licensed motor vehicle operator since s. 322.12(2), F.S., provides that an eyesight test and practical driving test are parts of the licensing examination. In addition, the title to Ch. 74-202, Laws of Florida, specifies that it exempts "persons who have been issued `HP' or `DV' plates from any parking fees or penalties while parking motor vehicles with said plates." (Emphasis supplied.) It is apparent that the exemption applies only when the person to whom the plate is issued is also the person who is parking the vehicle, and the situation of a blind veteran with a driver does not qualify under this exemption from parking areas. I might comment that there does not seem to be a substantial reason for treating disabled drivers differently from disabled persons who must be chauffeured. Though it is possible that the Legislature believed that special parking privileges were not needed by disabled persons who have chauffeurs, it would seem that a chauffeured handicapped person would have almost the same need as a disabled driver for parking privileges close to his or her destination. Though a blind person or wheelchair veteran may be driven to the doorway of his or her destination, the disabled person will probably need the prompt assistance of the chauffeur to enter the building. Prompt assistance will not be forthcoming if the chauffeur must park at a distance from the destination. The Legislature thus may wish to address this problem in the future.